UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN T. LEMON and
PAMELA Y. LEMON,

      Plaintiffs,

v.                              Civil Action No. 2:10-01112

JOHN DOE and ENCOMPASS INDEMNITY
COMPANY,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the motion for summary judgment of defendant Encompass Indemnity Company ("Encompass"), filed March 21, 2011. Plaintiffs responded in opposition to the motion on May 19, 2011, to which Encompass replied on May 23, 2011.

I.  Background

      The plaintiffs in this action allege that on August 25, 2008, plaintiff John T. Lemon was driving his motor scooter near Cross Lanes, West Virginia, when a red pickup truck operated by unidentified defendant John Doe forced Lemon's vehicle off the road. Lemon suffered permanent injuries as a result of the incident. Thereafter, Lemon asserts, he filed a claim under his uninsured motorist ("UM") insurance policy with Encompass, but Encompass wrongfully denied the claim before liability had become reasonably clear.

Plaintiffs, John T. Lemon and his wife Pamela Y. Lemon,
instituted this action on August 20, 2010 in the Circuit Court of
Kanawha County.  Encompass removed on September 15, 2010,
invoking the court's diversity jurisdiction.  The complaint
asserts four counts against defendants: Count I is a negligence
claim against John Doe only; Count II is a common law bad faith
claim against Encompass based on its alleged refusal to properly
investigate, negotiate, handle, and timely resolve plaintiffs'
insurance claims; Count III is a breach of contract claim against
Encompass; and Count IV asserts that Encompass engaged in unfair
settlement practices under West Virginia Code § 33-11-4(9) and
regulations promulgated thereunder.  Plaintiffs ask for
compensatory damages, pre- and post-judgment interest, costs,
reasonable attorney's fees, and punitive damages.  Encompass has
asserted a counterclaim against plaintiffs requesting entry of a
declaratory judgment stating that its UM policy afforded no
coverage for plaintiffs' claims.

Encompass moves for summary judgment based upon the
following grounds: (1) plaintiffs' UM policy did not cover the
incident because there was no physical contact with the vehicles
and no independent witness to corroborate that the accident
happened; and (2) Encompass did not breach the insurance
contract.  Encompass asks the court to grant summary judgment in

its favor and reasserts it request for a declaratory judgment
stating that its policy could afford no UM coverage to
plaintiffs.

## II.  Motion for Summary Judgment

### A.  Governing Standard

A party is entitled to summary judgment "if the
pleadings, the discovery and disclosure materials on file, and
any affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a
matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those
necessary to establish the elements of a party's cause of action.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing
the record and all reasonable inferences drawn therefrom in a
light most favorable to the non-moving party, a reasonable fact-
finder could return a verdict for the non-movant.  Id.  The
moving party has the burden of showing -- "that is, pointing out
to the district court -- that there is an absence of evidence to
support the nonmoving party's case."  Celotex Corp. v. Catrett,
477 U.S. 317, 325 (1986).  If the movant satisfies this burden,
then the non-movant must set forth specific facts as would be

3

admissible in evidence that demonstrate the existence of a

genuine issue of fact for trial.  Id. at 322-23.  A party is

entitled to summary judgment if the record as a whole could not

lead a rational trier of fact to find in favor of the non-movant.

Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh

the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th

Cir. 1995), nor make determinations of credibility.  Sosebee v.

Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party

opposing the motion is entitled to have his or her version of the

facts accepted as true and, moreover, to have all internal

conflicts resolved in his or her favor.  Charbonnages de France

v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Inferences that are

"drawn from the underlying facts . . . must be viewed in the

light most favorable to the party opposing the motion."  United

States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.    Uninsured Motorist Coverage

Section 33-6-31 of the West Virginia Code provides a

mechanism for insureds to recover uninsured motorist coverage

benefits for bodily injury or property damage caused by "hit-and-

run" drivers.  That statute provides pertinently as follows:

(e) If the owner or operator of any motor vehicle which

**4**

causes bodily injury or property damage to the insured be unknown, the insured, or someone in his or her behalf, in order for the insured to recover under the uninsured motorist endorsement or provision, shall:

* * * *

(iii) Upon trial establish that the motor vehicle, which caused the bodily injury or property damage, whose operator is unknown, was a "hit and run" motor vehicle, meaning a motor vehicle which causes damage to the property of the insured arising out of physical contact of such motor vehicle therewith, or which causes bodily injury to the insured arising out of physical contact of such motor vehicle with the insured or with a motor vehicle which the insured was occupying at the time of the accident.  If the owner or operator of any motor vehicle causing bodily injury or property damage be unknown, an action may be instituted against the unknown defendant as "John Doe."

W. Va. Code § 33-6-31(e)(iii).


        As it relates to coverage for hit-and-run accidents,

Encompass' UM insurance policy provides as follows:

INSURING AGREEMENT

We will pay compensatory damages which any *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* . . . where such coverage is indicated as applicable in the Coverage Summary because of:

1.  *Bodily injury* sustained by any *covered person* and caused by an *accident*.

2.  *Property damage* caused by an *accident*

* * * *

5.  Uninsured Motor Vehicle means a land motor vehicle or trailer of any type:

5

                    * * * *

          c.    Which is a hit-and-run vehicle whose
                operator or owner cannot be identified
                and which hits or which causes an
                accident resulting in bodily injury or
                property damage without hitting:
                (1)  You or any *family member*
                (2)  A vehicle which you or any *family
                     member* are *occupying*
                (3)  An *insured motor vehicle*; or
                (4)  Any of your property.

                If there is no physical contact with the
                hit-and-run vehicle the facts of the
                accident must be proved.  We will only
                accept sufficient evidence other than the
                testimony of an insured making a claim
                under this or any similar coverage.

(Def.'s Mot. Summ. J., Ex. A, Encompass UM Policy (emphasis in
original)).

        It appears that the Encompass policy generally conforms
to the statutory requirements of § 33-6-31.  The question before
the court, then, is whether uninsured motorist coverage is
unavailable to Lemon based upon the uncontroverted facts.

        As an initial matter, the undisputed facts show that
there was no physical contact between the vehicles of Lemon and
John Doe.  Plaintiffs make no such allegation in their complaint,
and, more important, they specifically admitted in a discovery
response that "there was no contact between the red truck and the
motor scooter operated by John T. Lemon."  (See Def.'s Mot. Summ.

                            6

J., Ex. B, Pls.' Ans. to Def.'s Req. for Admis. ¶ 7).

"To recover uninsured motorist benefits, under W. Va. Code, 33-6-31(e)(iii) . . . , for damages resulting from an automobile accident caused by a 'phantom vehicle,' the insured must normally establish that physical contact occurred between the two vehicles." Ellison v. Doe, 600 S.E.2d 229, 232 (W. Va. 2004). Where, as here, "the insured cannot show actual physical contact, to recover uninsured motorist coverage, the insured must show through sufficient corroborative evidence, a 'close and substantial physical nexus' between the phantom vehicle and the vehicle in which the insured [was] riding." Id. (internal quotations and citation omitted). As the court set forth in Syllabus Points 3 and 4 of Hamric v. Doe, 499 S.E.2d 619 (W. Va. 1997):

> 3. A close and substantial physical nexus exists between an unidentified hit-and-run vehicle and the insured for uninsured motorist insurance coverage under W. Va. Code § 33-6-31(e)(iii) when an insured can establish by independent third-party evidence to the satisfaction of the trial judge and the jury, that but for the immediate evasive action of the insured, direct physical contact would have occurred between the unknown vehicle and the victim.
>
> 4. The "but for" test is satisfied and the uninsured motorist claim can go forward only if the injured insured presents independent third-party testimony by disinterested individuals which clearly shows the negligence of an unidentified vehicle was a proximate cause of the accident.

Syl Pts. 3 & 4, id.  The court has referred to Hamric's requirement of "independent third-party testimony" as the "corroborative evidence test."  Dunn v. Doe, 527 S.E.2d 795, 800 (W. Va. 1999).  This test is "aimed at eliminating those claims that are fraudulent or collusive in nature," id., and accordingly demands that "the corroborative witnesses or other evidence . . . be absolutely and totally independent and reliable," Hamric, 499 S.E.2d at 621.  Encompass' insurance policy conforms to the requirements set forth in Hamric.  (See Def.'s Mot. Summ. J., Ex. A, Encompass UM Policy ("If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved.  We will only accept sufficient evidence other than the testimony of an insured making a claim under this or any similar coverage.")).

  1.  Application of Corroborative Evidence Test

          In attempting to satisfy the corroborative evidence test, plaintiffs first point to Mr. Lemon's own testimony recounting the incident.  However, there is no testimony from Mr. Lemon in the record, so the court has no point of reference for plaintiffs' argument.  In any event, the testimony of Mr. Lemon -- a plaintiff in this case who was operating the motor scooter -- certainly could not be classified as "independent third-party testimony by [a] disinterested individual" as required by Hamric.

8

Plaintiffs next rely on the deposition testimony of
Joyce Young.  Young lives in the same neighborhood as the
plaintiffs and is acquainted with Mr. Lemon. (Pl.'s Opp., Ex. B,
Young Dep. at 9-10).  On the date of the incident, Young was
driving in her neighborhood when a red truck driving in the
opposite direction turned sharply around a corner and almost ran
her off the road.  (Id. at 15).  Shortly thereafter, still
driving her car, Young noticed Mr. Lemon laying in a ditch.  (Id.
at 11).  She stopped and asked him what happened.  (Id. at 15).
Mr. Lemon said that a vehicle ran him off the road.  (Id.).
Later on, after the police had arrived, Young told Mr. Lemon that
a red truck had nearly driven her off the road approximately 15
minutes before she discovered him in the ditch.  (Id. at 18, 26).
Although she assumed that the red truck forced Mr. Lemon off the
road, Young testified that she did not witness the incident and
does not know how Mr. Lemon ended up in the ditch.  (Id. at 19).

Plaintiffs also point to the deposition testimony of
Jennifer Jones.  Jones lived in the vicinity of the plaintiffs,
though it is unclear whether she knows them.  On the morning of
the incident, she had complained to a person in a red truck for
driving too fast around her children.  (Pl.'s Opp., Ex. C, Jones
Dep. at 9).  Later that day, while walking her dogs outside,

Jones saw a red truck driving down the road.  (<u>Id.</u>).  She is not
sure whether this was the same truck she saw that morning.  (<u>Id.</u>
at 17-18).  She then approached her home, with her back facing
the street.  (<u>Id.</u> at 9).  When she turned around, Jones saw Mr.
Lemon in the ditch and a red truck speeding away.  (<u>Id.</u>).  As she
testified, "I wasn't really paying that much attention . . . all
I saw when I turned around was him laying in the ditch and the
red [truck] . . . the back of it speeding off."  (<u>Id.</u> at 10).
Jones, like Young, did not see the incident and does not know how
Mr. Lemon ended up in the ditch.  (<u>Id.</u> at 13, 19).

    Setting aside the question of whether Young could be
considered an independent, disinterested individual (in light of
her acquaintance with Mr. Lemon), it appears to the court that
neither her nor Jones' testimony is sufficient to satisfy the
corroborative evidence test.  To reiterate, they both testified
that they did not actually witness the incident in question and
do not know how Lemon ended up in the ditch.  Thus, the court
cannot say that their testimony "<u>clearly shows</u> the negligence of
an unidentified vehicle was a proximate cause of the accident."
Syl. Pt. 4, <u>Hamric</u>, 499 S.E.2d 619 (emphasis added).

    Plaintiffs suggest that even if the testimony of Young
and Jones does not independently satisfy the <u>Hamric</u> standard,

their testimony viewed together with Mr. Lemon's (which, again, has not been provided to the court) is sufficient to satisfy the corroborative evidence test.  However, <u>Hamric</u> requires that the independent third-party testimony itself clearly show that the negligence of a hit-and-run driver was a proximate cause of the accident.  <u>See</u> <u>id.</u>  There is no such testimony in this case.

  2.   Decision of West Virginia Insurance Commissioner in a
       Related Action

          Plaintiffs lastly urge the court to follow an administrative ruling in a related action before the Office of the Insurance Commissioner of West Virginia ("Insurance Commissioner").  By way of background, plaintiffs filed a consumer complaint with the Insurance Commissioner shortly after Encompass denied their claim for the August 25, 2008 incident, claiming -- as they do here -- that Encompass wrongfully denied them uninsured motorist coverage.  After holding a hearing on February 9, 2009, the hearing examiner issued a decision, dated March 24, 2009, concluding that Encompass is guilty of a single violation of W. Va. Code § 33-11-4(9)(f) (for failing to effectuate settlement of claims when liability had become reasonably clear), which, for lack of required multiple violations, he deemed insufficient to constitute a violation of any statute except W. Va. Code § 33-11-7 (for engaging in unfair

11

trade practices).  He recommended that Encompass be ordered to desist from further violations of § 33-11-4(9)(f).

In reaching his decision, the hearing examiner found that Encompass' UM policy provided broader coverage than that which is legally required by Hamric.  As he stated, "[t]he entirety of the evidence establishes in a reasonably clear manner that the unidentified red pickup truck caused the accident.  This is all that is required under the [UM] policy for [Encompass] to be liable . . . While the standard of the Hamric case may not have been met, that is a standard imposed upon a policy which requires physical contact.  Physical contact and the standard imposed by the Hamric case . . . is not a requirement here."  (Pl.'s Opp., Ex. C., Recommended Decision at 4).  The examiner's recommended decision was adopted in a one-paragraph final order by the Insurance Commissioner dated April 5, 2009, wherein it was ordered that Encompass be found guilty of violating W. Va. Code § 33-11-7.  The Insurance Commissioner further ordered that Encompass cease and desist from violations of W. Va. Code § 33-11-4(9)(f).  Encompass appealed the ruling to the Kanawha County Circuit Court on April 30, 2009, where the case is currently pending.

12

Assuming the hearing examiner was presented with the same UM policy provided to the court here, it appears the policy was misread. To be sure, it does provide coverage for hit-and-run accidents with no physical contact. But, consistent with Hamric, the policy, as earlier quoted, specifies:

> If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept sufficient evidence other than the testimony of an insured making a claim under this or any similar coverage.

(Def.'s Mot. Summ. J., Ex. A, Encompass UM Policy). Notably, this policy language is not quoted or stated in the hearing examiner's decision.

Neither Joyce Young nor Jennifer Jones -- the only two independent witnesses offered by plaintiffs -- saw the accident or knows how Mr. Lemon ended up in the ditch. That does not constitute "sufficient evidence" to prove the facts of the accident. Rather, they contribute merely their speculation as to what may have happened. Thus, even if the UM policy could be read as providing broader coverage than that which is mandated by Hamric, the policy language plainly does not afford coverage for the hit-and-run accident at issue here. Plaintiffs would need to have come forward with "sufficient evidence," other than the testimony of an insured, proving the facts of the accident. As discussed above, there is simply no such testimony before the court.

III.   Conclusion

In view of plaintiffs' failure to offer sufficient corroborative evidence under <u>Hamric</u> or the policy language, the court concludes that Encompass denied coverage to plaintiffs in accordance with the UM policy and West Virginia Code § 33-6-31(e)(iii).  Furthermore, because the uncontroverted facts show that Encompass properly denied coverage to plaintiffs and did not breach the insurance policy, plaintiffs' claims for bad faith, breach of contract, and unfair claims settlement practices fail as a matter of law.  <u>See</u> <u>Hawkins v. Ford Motor Co.</u>, 566 S.E.2d 624, 629 (W. Va. 2002) ("absent a contractual obligation to pay a claim, no bad faith cause of action exists, either at common law or by statute.").

For the foregoing reasons, the court ORDERS as follows:

1.    That Encompass' motion for summary judgment be, and it hereby is, granted.

2.    That Encompass' request for declaratory relief be, and it hereby is, granted, and the court declares that (a) the Encompass policy, No. 260449629, does not provide uninsured motorist coverage for the claims of plaintiffs in this action and (b) Encompass properly denied coverage to plaintiffs in accordance with its uninsured motorist policy and West Virginia Code § 33-6-31(e)(iii).

        The Clerk is directed to forward copies of this written

opinion and order to all counsel of record and any unrepresented

parties.

                                   DATED: June 6, 2011

                                   John T. Copenhaver, Jr.
                                   United States District Judge